UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80022-Smith/Matthewman

ZURICH AMERICAN INSURANCE
COMPANY, et al.,

      Plaintiff

v.

TJG, LLC,

      Defendant.

_____/

FILED BY____KJZ____D.C.

**Jul 13, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PLAINTIFFS' MOTION FOR ASSESSMENT OF ATTORNEYS' FEES AND COSTS
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(d)(2)(A) [DE 22]

**THIS CAUSE** is before the Court upon Plaintiffs', Zurich American Insurance Company

("ZAIC") and Zurich American Insurance Company of Illinois ("ZAICI") (collectively

"Plaintiffs"), Motion for Assessment of Attorneys' Fees and Costs Pursuant to Federal Rule of

Civil Procedure 54(d)(2)(A) ("Motion") [DE 22]. This matter was referred to the undersigned by

the Honorable Rodney Smith, United States District Judge. [DE 23]. No timely response was filed.

Thus, the matter is ripe for review.

After careful review of the affidavits, the supplemental affidavits, and the entire docket, it

is **RESPECTFULLY RECOMMENDED** that the District Judge find the fees and hours claimed

by Plaintiffs to be reasonable and enter an attorney's fees award in the amount of $8,249.30, and

costs in the amount of $587.90, for a total award of $8,837.20 in favor of Plaintiffs and against

Defendant TJG, LLC.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 6, 2021, Plaintiffs filed their Complaint [DE 1] for breach of contract, unjust

enrichment and account stated. On January 14, 2021, Defendant was served with the summons and

complaint. Defendant failed to appear or otherwise respond, and, on February 11, 2021, a Clerk's

Default [DE 13] was entered against Defendant. Thereafter, Plaintiffs filed a Motion for Default

Judgment, and on May 11, 2021, the Court entered an Order Granting Motion for Final Default

Judgment [DE 20]. On May 11, the Court also entered a Default Final Judgment [DE 21]. The

Court ordered judgment in favor of Plaintiffs and against Defendant in the amount of $183,263.99,

plus attorney's fees and costs, and required that Plaintiffs submit a motion for attorney's fees and

costs by June 14, 2021. *Id.* On June 14, 2021, Plaintiffs timely filed the pending Motion.

According to the Motion [DE 22], attorneys with Mozley, Finlayson & Loggins LLP, local

counsel for Plaintiffs, have incurred $1,660.40 in billed and unbilled attorney's fees throughout

the case. Additionally, attorneys with Thomas Kadian LLC, outside counsel for Plaintiff Zurich

American Insurance Company of Illinois, incurred $8,129.70 ($6,588.90 in attorney's fees and

$1,540.80 in costs) throughout the course of the Action. *Id.* Thus, the total fees and costs incurred

by Plaintiffs in the case are $9,790.10. *Id.*

## ANALYSIS

### I.        Calculation of Defendant's Attorneys' Fee Award

A reasonable attorney's fee award is "properly calculated by multiplying the number of

hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465

U.S. 886, 888 (1994). "This 'lodestar' may then be adjusted for the results obtained" by the

attorney. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

### A.  Counsel's Hourly Rate

Plaintiffs seek $346.50 per hour for Dennis Kadian, Esq., $225.50 per hour for Marain M.

Miawad, Esq., $135.00 per hour for paralegal James K. Milone, $257.00 per hour for Lawrence J.

Domenico, Esq., $235.00 per hour for Richard J. Young, Esq., and $235.00 per hour for Kristen

K. Johnson, Esq. *See* DEs 25-26.

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999). To decide what a reasonable hourly rate is, the Court must consider

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 n. 2 (11th Cir. 2008); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The fee applicant bears the burden of establishing the claimed market rate. *See Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). The Court may use its own experience in assessing the reasonableness of attorneys' fees. *Norman*, 836 F.2d at 1299. The movant's burden includes

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

*Id.* at 1303.

After taking into consideration the experience of the attorneys and paralegal, and noting that no response was filed by Defendant, the undersigned finds that the hourly rates sought are reasonable. Accordingly, the undersigned **RECOMMENDS** that the District Judge find that the

rates charged by the attorneys and paralegal to be reasonable.

## B. Number of Hours Reasonably Expended

In submitting a request for attorneys' fees, applicants must exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)*.* If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301 (emphasis in original). The burden rests on the movant to submit a comprehensive request for fees so the court can determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The undersigned has carefully reviewed counsels' billing entries. [DE 22-2]. The undersigned finds that the entries are reasonable, properly calculated, and not excessive. The undersigned also emphasizes that Defendant has not objected to the hours sought. The undersigned thus **RECOMMENDS** that the District Judge award Plaintiffs a total attorney's fees award of $8,249.30 ($1,660.40 for local counsel Mozley, Finlayson & Loggins LLP and $6,588.90 for outside counsel Thomas Kadian LLC).

## II.      Costs Award

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Plaintiffs are the prevailing parties and are entitled to costs.

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

(1) Fees of the Clerk and Marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Here, the only documentary evidence of costs is an invoice for $185.90 from Magic Process for printing costs. *See* DE 22-4. On July 1, 2021, the undersigned entered a Paperless Order noting that it did not appear that the costs sought by Plaintiffs are fully accounted for or explained in the papers. [DE 24]. The undersigned also gave Plaintiffs' counsel until July 12, 2021 to supplement their affidavits. However, when counsel submitted the supplemental affidavits, they opted not to add any information about the costs incurred. Despite this failure, Plaintiffs clearly paid a $402 filing fee, which is evidence on the docket. [DE 1]. Therefore, the undersigned **RECOMMENDS** that the District Judge award Plaintiffs costs in the amount of $587.90 (for the filing fee and

printing costs) since any additional costs are completely unsupported.

## CONCLUSION

In light of the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that the District Judge award Plaintiffs, Zurich American Insurance Company and Zurich American Insurance Company of Illinois, their attorneys' fees and costs pursuant to Rule 54(d)(2)(A) in the amount of $8,837.20, against Defendant, TJG, LLC ($7,176.80 to be paid to Thomas Kadian LLC and $1,660.40 to be paid to Mozley, Finlayson & Loggins LLP). The undersigned also recommends that the appropriate statutory interest rate be applied and that a judgment against Defendant in the amount of $8,837.20 be entered in favor of Plaintiffs accordingly, for which execution should issue.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Rodney Smith. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

The Clerk of Court is **DIRECTED** to mail a copy of this Report and Recommendation Registered Agent Gregory Georgas, TJG, LLC, 7515 S. Flagler Drive, West Palm Beach, FL 33405.

      **DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 13th day of July, 2021.

 

WILLIAM MATTHEWMAN
United States Magistrate Judge